UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NILSA RAMOS,

                                    Plaintiff,

                    -against-

COLUMBIA UNIVERSITY,

                                    Defendant.

1:24-CV-6534 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Nilsa Ramos, who appears *pro se*, filed this action asserting claims of

employment discrimination and retaliation against her former employer, Columbia University

("Columbia"). She uses this court's form complaint for *pro se* employment-discrimination

actions; in that form complaint, she seems to invoke 42 U.S.C. § 1981, the Age Discrimination in

Employment Act of 1973, and the New York City Human Rights Law. Plaintiff seeks

reinstatement and other unspecified relief. Because her allegations largely seem to be associated

with her being disabled and being terminated from her Columbia employment, the Court

construes Plaintiff's complaint as asserting claims of disability-based employment

discrimination, as well as claims of retaliation, brought under the Americans with Disabilities

Act of 1990 ("ADA"), as well as under the Rehabilitation Act of 1973. The Court also construes

Plaintiff's complaint as asserting comparable claims brought under the New York State and New

York City Human Rights Laws ("NYSHRL" & "NYCHRL").

On September 6, 2024, the Court granted Plaintiff request to proceed *in forma pauperis*

("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court grants

Plaintiff leave to file an amended complaint within 60 days of the date of this order.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine

whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 679.

## BACKGROUND

Plaintiff's allegations, for the most part, are a collection of emails that are difficult to understand. The Court gleans most of the alleged facts from: (1) a March 12, 2022 statement attached to the complaint in which Plaintiff asserts that she was filing an employment discrimination charge against her then-employer, Columbia (ECF 1, at 26-28); and (2) an April 19, 2024 letter attached to the complaint in which Evandro C. Gigante, Esq., an attorney representing Columbia, was submitting a position statement to the United States Equal Employment Opportunity Commission ("EEOC") with regard to the second of what Gigante states are Plaintiff's two discrimination charges that Plaintiff filed against Columbia – the first one, Gigante asserts, was filed with the EEOC in April 2022 (under EEOC Charge No. 520-2021-05186),[1] and the second one, he asserts, was filed under EEOC Charge No. 520-2023-04632[2] (*id.* at 32-40).

---

[1] According to Gigante's letter, the EEOC dismissed Plaintiff's first EEOC charge (EEOC Charge No. 520-2021-05186) on October 20, 2022. (ECF 1, at 32 n.2.) Gigante states that, in that charge, Plaintiff "alleged that her placement on an unpaid leave of absence due to her failure to comply with Columbia's COVID-19 vaccine mandate amounted to unlawful discrimination on the basis of alleged disability." (*Id.*)

[2] There is no indication in Gigante's letter, or in Plaintiff's statement of claim in her complaint, when Plaintiff filed her second EEOC charge (EECC Charge No. 520-2023-04632). Plaintiff has attached to her complaint a "Determination and Notice of Rights" issued by the EEOC on May 20, 2024, with regard to EEOC Charge No. 520-2023-04632, in which the EEOC informs Plaintiff that it will not proceed further with its investigation and that it makes no determination about whether any further investigation would show violations of the relevant statute; it also informs her that she has 90 days from receipt of that notice to file a lawsuit under federal law arising from that charge. (ECF 1, at 8.) Plaintiff seems to state in her complaint that she received that document on May 20, 2024. (*Id.* at 6.)

From those attachments, it appears that Plaintiff alleges the following: Plaintiff is a 51 year-old Hispanic woman who began her Columbia employment in October 1999. At the time that her employment was terminated in May 2023, she was a Head Retail Service Worker, working in food service. Columbia informed Plaintiff that, by September 1, 2021, as a result of the COVID-19 pandemic, she had to either submit proof of her COVID-19 vaccination or submit a religious or medical accommodation request. Plaintiff had scheduled a doctor's appointment for September 2, 2021, in order to receive an allergy test for the COVID-19 vaccine, and to have X-ray examinations of her knee and ankle due to a previously sustained work injury. That doctor's appointment was cancelled, however, due to a storm, which appears to have been the remnants of Hurricane Ida. Plaintiff's allergy test was rescheduled to December 6, 2021.

On September 8, 2021, Plaintiff attempted to "swipe in" to get access to her Columbia work station, but she was unsuccessful. She asked her manager why she was not given access to her work station. Plaintiff's manager asked her if she had gotten vaccinated; Plaintiff explained that she had not because her doctor's appointment for an allergy test had been cancelled and rescheduled. The manager sent Plaintiff home and told her to speak to Columbia's Human Resources Department. When Plaintiff spoke to that department, a human resources official denied Plaintiff's requests to work while receiving weekly COVID-19 tests until she saw her doctor or to use her vacation days until she saw her doctor. Plaintiff was placed on unpaid leave. Plaintiff then informed her union; a union official told her that Columbia "does not care[,] [it] only want[s] to know that you [have] been vaccinated[.] [T]hat is all [it] care[s] about[,] nothing else." (*Id.* at 26.) A Columbia official informed her that the rescheduling of her allergy test to December 6, 2021, "was too long to wait." (*Id.* at 26-27.)

Plaintiff then informed Columbia of her intent to seek a medical exemption to the vaccination requirement and submitted documents that she believed supported such a medical exemption. Columbia, however, denied her request for that type of vaccination exemption. In November 2021, Plaintiff submitted a doctor's note indicating that, due to an ankle injury that she sustained in 2015, she was disabled and that, as of October 29, 2021, she was unable to work. Columbia placed Plaintiff on a medical leave of absence as of that date.

On December 6, 2021, the date on which she was scheduled to have her allergy test, Plaintiff was informed that her health insurance "was not going through" with respect to that test and that she could not, therefore, undergo that test. (*Id.* at 27.) Plaintiff ultimately learned from her union that, as of September 30, 2021, because she had been placed on unpaid leave, her health insurance premiums were not being paid. While Plaintiff seems to allege that her union informed her that Columbia ceased making those premium payments, Gigante indicates that Plaintiff's union administered her health insurance benefits. In February or March 2022, Plaintiff informed Columbia's Human Resources Department that her union had notified her that, in order to reinstate her health insurance benefits, the union required a letter from Columbia informing the union that Plaintiff had been placed on unpaid leave. Columbia did not issue that letter.

Plaintiff remained on unpaid leave until May 2023, when Columbia determined that she had exhausted the 18-month leave period that was included in the collective bargaining agreement between Columbia and Plaintiff's union. Columbia informed Plaintiff that her employment had been terminated on or about May 5, 2023. Plaintiff's union filed a grievance on June 5, 2023; in a June 15, 2023 determination, a Columbia official found that Columbia had not violated the relevant collective bargaining agreement.

Plaintiff states that she has "been through [a] lot[,] . . . not only with human resources but with upper management[,] and some manager[s] . . . have . . . targeted [her] and retaliated against [her] [f]or speaking up about issues in the work[p]lace." (*Id.* at 28.) She also states that her "seniority has been over[l]ook[ed]" and that she got "injured and was treated indifferently." (*Id.*) Plaintiff further states that she was "removed from a unit that [she] didn't want to leave to be replaced by a male worker." (*Id.*)

## DISCUSSION

### A.    Claims under the ADA arising from EEOC Charge No. 520-2021-05186

It appears that all of Plaintiff's claims brought under the ADA arising from her first EEOC charge (Charge No. 520-2021-05186) are untimely. In New York, a plaintiff has 300 days from the date of the adverse employment action to file an employment discrimination charge under this statute with the EEOC, *see, e.g., Harris v. City of New York*, 186 F.3d 243, 247-48 (2d Cir. 1999); once the EEOC issues a notice of the plaintiff's right to sue, the plaintiff has 90 days from the date of her receipt of that notice to file a lawsuit asserting claims of employment discrimination or retaliation under the ADA that were made in that charge, *see* 42 U.S.C. §§ 12117(a), 2000e-5(f)(1). This 90-day period is treated as a limitations period and, "in the absence of a recognized equitable consideration, the court cannot extend . . . [that] period by even one day," *Johnson v. Al Tech Specialties Corp.*, 731 F.2d 143, 146 (2d Cir. 1984) (internal quotation marks and citation omitted); *Shukla v. Meta Platforms Inc.*, No. 1:23-CV-10150 (JGLC) (GS), 2024 WL 4108563, at *12 (S.D.N.Y. July 17, 2024), *report & recommendation adopted*, 2024 WL 3634796 (S.D.N.Y. Aug. 2, 2024), *appeal pending*, No. 24-3129 (2d Cir.). "There is a presumption that a notice provided by a government agency was mailed on the date shown on the notice. There is a further presumption that a mailed document is received three

6

days after its mailing." *Tiberio v. Allergy Asthma Immunology of Rochester*, 664 F.3d 35, 37 (2d

Cir. 2011) (citations omitted).

Because the failure to file a claim within the limitations period is an affirmative defense,

*see* Fed. R. Civ. P. 8(c)(1), a plaintiff is generally not required to plead that her claim is timely

filed, *see Abbas v. Dixon*, 480 F.3d 636, 640 (2d Cir. 2007). Dismissal *sua sponte* is appropriate,

however, where the existence of an affirmative defense, such as the statute of limitations, is plain

from the face of the pleading. *See Walters v. Indus. & Com. Bank of China, Ltd.*, 651 F.3d 280,

293 (2d Cir. 2011) ("[D]istrict courts may dismiss an action *sua sponte* on limitations grounds in

certain circumstances where the facts supporting the statute of limitations defense are set forth in

the papers plaintiff himself submitted." (internal quotation marks and citation omitted)); *see also*

*Abbas*, 480 F.3d at 640 (concluding that the district court should grant notice and opportunity to

be heard before dismissing a *pro se* complaint *sua sponte* on statute of limitations grounds).

Gigante's letter states, with respect to EEOC Charge No. 520-201-05186, that the EEOC

dismissed that charge on October 20, 2022. (ECF 1, at 32 n.2.) If that is true, under the

presumption discussed above, Plaintiff received notice of the dismissal of that charge, and of her

right to sue, three days later, on or about October 23, 2022. Plaintiff then had 90 days from the

date she received that notice, which appears to have been on or about January 21, 2023, to file a

timely claim under the ADA arising from that charge. Gigante's letter states that, with respect to

that charge, Plaintiff "never attempted to pursue her claims in court." (*Id.*) To the extent that

Plaintiff does so for the first time in this action, she did not file the complaint commencing this

action until August 16, 2024, more than a year and one-half after the abovementioned period

expired. Thus, it appears that all of Plaintiff's claims under the ADA against Columbia that arise

from the allegations asserted in that charge are untimely. The Court therefore dismisses these

claims as untimely, and, thus, for failure to state a claim on which relief may be granted, *see* 28

U.S.C. § 1915(e)(2)(B)(ii), but grants Plaintiff leave to file an amended complaint in which she

alleges facts showing that these claims are timely or why the applicable limitations period should

be equitably tolled, *see Abbas*, 480 F.3d at 640; *Johnson*, 731 F.2d at 146.

**B.    Claims of employment discrimination under Title I of the ADA and the Rehabilitation Act**

The Court understands Plaintiff's complaint as asserting claims of disability-based

employment discrimination against Columbia under Title I of the ADA and the Rehabilitation

Act, arising from the allegations that Plaintiff made in both EEOC Charge No. 520-2021-05186

and in EEOC Charge No. 520-2023-04632. In addition to timeliness issues raised in the Court's

discussion above as to Plaintiff's claims of employment discrimination under Title I of the ADA

arising from allegations raised in EEOC Charge No. 520-2021-05186, it appears that Plaintiff has

failed to allege facts sufficient to state a claim of disability-based employment discrimination

under either Title I of the ADA or the Rehabilitation Act with respect to the allegations raised in

both of the abovementioned EEOC charges.

Title I of the ADA "prohibits employers from 'discriminat[ing] against a qualified

individual *on the basis* of disability in regard to . . . the hiring, advancement, or discharge of

employees.'"[3] *Natofsky v. City of New York*, 921 F.3d 337, 346 (2d Cir. 2019) (quoting 42 U.S.C.

§ 12112(a) (emphasis in original)). To state a claim of employment discrimination under Title I

of the ADA, a plaintiff must allege that:

---

[3] For the purpose of claims of employment discrimination under the ADA, a "disability" is defined as: "(A) a physical or mental impairment that substantially limits one or more major life activities of [an] individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1). The Rehabilitation Act adopts the ADA's definition of "disability" by reference. *See* 29 U.S.C. § 705(20)(B).

> (1) the employer is subject to the ADA; (2) the plaintiff is disabled within the meaning of the ADA or perceived to be so by [the] employer; (3) she was otherwise qualified to perform the essential functions of the job with or without reasonable accommodation; (4) she suffered an adverse employment action; and (5) the adverse action was imposed because of her disability.

*Davis v. N.Y.C. Dep't of Educ.*, 804 F.3d 231, 235 (2d Cir. 2015). The causation standard for claims of employment discrimination brought under Title I of the ADA is a "but-for" standard; a plaintiff must allege that, but for her disability, the defendant would not have discriminated against her. *See Natofsky*, 921 F.3d at 347-50. The pleading standard is the same for such a claim under the Rehabilitation Act, *see Davis*, 804 F.3d at 235; *Lyons v. Legal Aid Soc'y*, 68 F.3d 1512, 1515 (2d Cir. 1995); *Rubin v. N.Y.C. Bd. of Educ.*, No. 20-CV-10208 (LGS), 2023 WL 2344731, at *4 (S.D.N.Y. Mar. 3, 2023) – even the "but for" causation requirement is the same for both types of actions, *Natofsky*, 921 F.3d at 345-49.[4]

Even assuming that Columbia receives federal funding, which Plaintiff has not alleged, and even if she alleges facts showing that she has a disability that is a protected characteristic under both Title I of the ADA and the Rehabilitation Act, Plaintiff does not allege facts sufficient to show, for the purpose of a claim of employment discrimination under either statute, that Columbia imposed an adverse employment action on her because of any disability; she has not alleged that, but for her alleged disability, Columbia would not have taken action against her. Thus, notwithstanding the Court's discussion above with regard to the timeliness of Plaintiff's claims under Title I of the ADA as to the allegations made in her first EEOC charge, the Court dismisses Plaintiff claims of employment discrimination under the Title I of the ADA and the

---

[4] With respect to claims of employment discrimination under the Rehabilitation Act, however, there is an additional requirement that the employer either be a federal executive agency, the United States Postal Service ("USPS"), or receive federal funding. *See Lyons*, 68 F.3d at 1514-15 (quoting 29 U.S.C. § 794(a)).

Rehabilitation Act, arising out of allegations made in both of her EEOC charges mentioned

above, for failure to state a claim on which relief may be granted. *See* § 1915(e)(2)(B)(ii). In

light of Plaintiff's *pro se* status, however, the Court grants Plaintiff leave to file an amended

complaint to allege facts sufficient to state such claims.

**C.      Claims of retaliation under the ADA and the Rehabilitation Act**

The Court construes Plaintiff's complaint as also asserting claims of retaliation under the

ADA and the Rehabilitation Act, again, arising from the allegations made in both of the

abovementioned EEOC charges. To state a claim of retaliation under either the ADA or the

Rehabilitation Act, a plaintiff must show: "(i) a plaintiff was engaged in protected activity;

(ii) the alleged retaliator knew that plaintiff was involved in protected activity; (iii) an adverse

decision or course of action was taken against plaintiff; and (iv) a causal connection exists

between the protected activity and the adverse action."[5] *Natofsky*, 921 F.3d at 353 (internal

quotation marks and citation omitted). Such a causal connection may be shown either

"(1) indirectly, by showing that the protected activity was followed closely by discriminatory

treatment, or through other circumstantial evidence such as disparate treatment of fellow

employees who engaged in similar conduct; or (2) directly, through evidence of retaliatory

animus directed against the plaintiff by the defendant." *Id.* (internal quotation marks and citation

omitted).

Notwithstanding whether Columbia receives federal funds, which Plaintiff has not

alleged, Plaintiff alleges nothing to suggest that Columbia retaliated against her for participating

---

[5] As with a claim of discrimination brought under the Rehabilitation Act, with respect to a claim of retaliation under that statute, the plaintiff must also show that the defendant is either a federal executive agency, the USPS, or receives federal funding. *Daly v. Westchester Cnty. Bd. of Legislators*, No. 19-CV-4642 (PMH), 2023 WL 4896801, at *4, 7-8 (S.D.N.Y. Aug. 1, 2023), *aff'd*, No. 23-1220-CV, 2024 WL 3264125 (2d Cir. July 2, 2024) (summary order).

in protected activity. The Court therefore dismisses these claims for failure to state a claim on which relief may be granted. *See* § 1915(e)(2)(B)(ii). The Court, however, grants Plaintiff leave to replead these claims in an amended complaint in which she alleges facts sufficient to state such claims.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. Federal district courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the United States Court of Appeals for the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state valid claims under the ADA and/or the Rehabilitation Act, the Court grants Plaintiff 60 days' leave to amend her complaint to detail her claims, as specified above.

Plaintiff is granted leave to amend her complaint to provide more facts, as specified above. In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against Columbia. Plaintiff should include, in the amended complaint, all of the information that she wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated her federally protected rights; how, when, and where such violations occurred; and why she is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

The Court grants Plaintiff leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this court's *Pro Se* Intake Unit within 60 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 1:24-CV-6534 (LTS). An amended complaint form for employment discrimination actions is attached to this order. No summonses will issue at this time. If Plaintiff fails to comply within the time allowed, and she cannot show good cause to excuse such failure, the Court will dismiss this action. The Court will dismiss Plaintiff's claims under federal law for failure to state a claim on which relief may be granted, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), and will decline to consider, under its supplemental jurisdiction, Plaintiff's claims under state law, including her claims under the NYSHRL and NYCHRL, *see* 28 U.S.C. § 1367(c)(3).

Parties proceeding *pro se* may submit filings by email to ProSe@nysd.uscourts.gov and may consent to receive all court documents electronically. The consent to electronic service form and instructions about filing by email are both available on the court's website at https://www.nysd.uscourts.gov/prose.

*Pro se* parties who do not wish to submit filings electronically may submit documents by regular mail or in person at the U.S. Courthouses in Manhattan (500 Pearl Street, New York, New York 10007) and in White Plains (300 Quarropas Street, White Plains, New York 10601).

The City Bar Justice Center ("CBJC") operates the SDNY Federal Pro Se Legal Assistance Project to assist self-represented parties with civil cases in this court. Appointments can be scheduled by phone (212-382-4794), email (fedprosdny@nycbar.org), or by completing the CBJC's intake form. The CBJC is a private organization that it not part of the court, and the CBJC's SDNY Federal Pro Se Legal Assistance Project cannot accept filings on behalf of the court. A flyer with details is attached.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    April 14, 2025
          New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge