UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NILSA RAMOS,

                Plaintiff,

-against-

COLUMBIA UNIVERSITY,

                Defendant.

1:24-CV-6534 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

      By Order dated April 14, 2025, the Court granted Plaintiff, who appears *pro se* and is proceeding *in forma pauperis* ("IFP"), 60 days' leave to file an amended complaint that complies with the standards set forth in that Order. (ECF 5.) In an Order dated June 17, 2025, the Court granted Plaintiff's request for an extension of time—until August 14, 2025—to file an amended complaint in compliance with the Court's April 14, 2025 Order. (ECF 7.) On August 14, 2025, Plaintiff filed an amended complaint in which she purports to assert claims of retaliation and employment discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 1981, the Age Discrimination in Employment Act of 1967 ("ADEA"), and the New York City Human Rights Law. In her amended complaint, Plaintiff names Columbia University ("Columbia"), her former employer, as the sole defendant, and seeks damages, reinstatement, and reasonable accommodations for her disability.

      For the reasons discussed below, the Court construes Plaintiff's amended complaint as asserting claims of retaliation and disability-based employment discrimination under the Americans with Disabilities Act of 1990 ("ADA"), the Rehabilitation Act of 1973, and the New York State and City Human Rights Laws ("NYSHRL" & "NYCHRL," respectively), and the Court dismisses this action.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.* at 679.

**BACKGROUND**

Because Plaintiff filed her amended complaint in response to the deficiencies the Court discussed in its April 14, 2025 Order with respect to Plaintiff's original complaint, the Court will first summarize the claims raised in Plaintiff's original complaint and the deficiencies discussed by the Court in its April 14, 2025 Order before discussing the claims Plaintiff raises in her amended complaint.

**A.    Plaintiff's original complaint and the Court's April 14, 2025 Order**

The Court, in its April 14, 2025 Order, noted that, in Plaintiff's original complaint, Plaintiff "seem[ed] to invoke [Section] 1981, the [ADEA], and the New York City Human Rights Law," purportedly asserting claims under those statutes against the named defendant, her former employer, Columbia. (ECF 5, at 1.) The Court held, however, that "[b]ecause [Plaintiff's] allegations [in her original complaint] largely seem[ed] to be associated with her being disabled and being terminated from her Columbia employment," the Court would construe it "as asserting claims of disability-based employment discrimination, as well as claims of retaliation, brought under the [ADA], as well as under the Rehabilitation Act," and comparable claims under the NYSHRL and NYCHRL. (*Id.*)

The Court found that all of Plaintiff's claims under the ADA that were within the scope of the first employment discrimination charge that she filed with the United States Equal Employment Opportunity Commission ("EEOC") (Charge No. 520-2021-05186) ("first charge") were untimely. The Court thus dismissed them for failure to state a claim upon which relief may be granted, but granted Plaintiff leave to file an amended complaint in which she alleged facts showing that those claims were timely, or showing why the applicable limitations period should be equitably tolled. (*Id.* at 6-8.)

The Court understood that Plaintiff was asserting claims of disability-based employment discrimination against Columbia under Title I of the ADA and the Rehabilitation Act arising from events described in the allegations that she made in the abovementioned first charge as well as in another EEOC charge (EEOC Charge No. 520-2023-04632) ("second charge"). In addition to dismissing the abovementioned claims due to untimeliness, the Court also dismissed any claims of employment discrimination under Title I of the ADA and under the Rehabilitation Act arising out of the circumstances alleged in the second charge because Plaintiff had not alleged facts sufficient to satisfy the pleading requirements to state such claims. (*See id.* at 8-10.) The Court, therefore, also dismissed all of those claims for failure to state a claim upon which relief may be granted, but granted Plaintiff leave to file an amended complaint to allege facts sufficient to state such claims. (*Id.* at 9-10.)

The Court further construed Plaintiff's original complaint as asserting claims of retaliation under the ADA and the Rehabilitation Act arising from allegations made in both of the abovementioned EEOC charges. (*Id.* at 10.) The Court, however, dismissed those claims for failure to state a claim upon which relief may be granted because Plaintiff had similarly failed to allege facts sufficient to satisfy the pleading requirements for those claims. (*Id.* at 10-11.) The Court also granted Plaintiff leave to replead her retaliation claims in an amended complaint in which she alleged facts sufficient to state such claims. (*Id.*)

The Court then informed Plaintiff that, if she failed to file an amended complaint within the time allowed, the Court would dismiss Plaintiff's claims under federal law for failure to state a claim upon which relief may be granted, under 28 U.S.C. § 1915(e)(2)(B)(ii), and would decline to consider, under its supplemental jurisdiction, Plaintiff's claims under state law,

including her claims under the NYSHRL and NYCHRL, pursuant to 28 U.S.C. § 1367(c)(3). (*Id.* at 12.)

**B.      Plaintiff's amended complaint**

Plaintiff, in her amended complaint filed in response to the Court's April 14, 2025 Order, again names Columbia, her former employer, as the sole defendant. She also invokes Title VII, asserting that Columbia discriminated against her because of her race. (ECF 8, at 3.) She further seeks to invoke Section 1981, again asserting that Columbia discriminated against her because of her race; unlike her claims under Title VII, for which she does not disclose her race, she specifies, with respect to her claims under Section 1981, that she identifies her race as being "Puerto Rican." (*Id.* at 4.) Plaintiff further invokes the ADEA, alleging that she was born in 1971 and asserting that Columbia discriminated against her because of her age. (*Id.*) She additionally invokes the NYCHRL. (*Id.*)

Plaintiff's allegations in her amended complaint are similar to, if not the same as, her allegations in her original complaint—as summarized in the Court's April 14, 2025 Order—with the exception of additional allegations included in attachments that recount experiences at work at both Columbia and the City University of New York's John Jay College of Criminal Justice ("John Jay") that occurred *before* the events summarized in the Court's previous Order. Those newly alleged and previously occurring events began with Columbia's hiring of Plaintiff on September 27, 1999, and continued with her alleged negative work experiences at Columbia and at John Jay between that date and September 8, 2021, the date that Plaintiff alleges that she was not permitted to "clock in" at work at Columbia, and was told to go home, because she had not received a COVID-19 vaccine, as required by Columbia policy; September 8, 2021 is the date on which Columbia's alleged retaliation or disability-based discrimination, which serve as the bases for this action, allegedly began. (ECF 5, at 4.)

5

# DISCUSSION

Plaintiff, in her amended complaint, alleges nothing about being discriminated against by Columbia because of her race, color, national origin, or age, but rather alleges that Columbia discriminated against her because of her disability and seeks relief, *inter alia*, that would compel Columbia to reasonably accommodate her disability. Accordingly, notwithstanding Plaintiff's invocation of Title VII, Section 1981, and the ADEA, which prohibit employment discrimination based on, *inter alia*, race (Title VII and Section 1981), color (Title VII), national origin (Title VII), and age (ADEA), the Court construes Plaintiff's amended complaint as asserting claims of retaliation and disability-based employment discrimination under the ADA, the Rehabilitation Act, and the NYSHRL and NYCHRL, and not any claims under Title VII, Section 1981, or the ADEA.

A.  **Claims under the ADA arising from the first charge (EEOC Charge No. 520-2021-05186)**

Plaintiff has alleged no facts showing, with respect to her claims under the ADA that arise from the allegations that she made in her first charge (EEOC Charge No. 520-2021-05186), why such claims are timely or why the applicable limitations period should be equitably tolled. Accordingly, for the reasons set forth in the Court's April 14, 2024 Order (ECF 5, at 6-8), the Court dismisses those claims as untimely and, thus, for failure to state a claim upon which relief may be granted.[1] *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[1] The Court dismisses without prejudice any possible claims of employment discrimination arising from Plaintiff's alleged work experiences at Columbia and at John Jay that took place between her hiring, on September 27, 1999, and September 8, 2021, that were not alleged in her first charge (EEOC Charge No. 520-2021-05186), as Plaintiff did not allege them in her original complaint and because the Court did not grant Plaintiff leave to replead them in her amended complaint. *See Palm Beach Strategic Income, LP v. Salzman*, 457 F. App'x 40, 43 (2d Cir. 2012) (summary order) ("District courts in this Circuit have routinely dismissed claims in amended complaints where the court granted leave to amend for a limited purpose and the plaintiff filed an amended complaint exceeding the scope of the permission granted." (citations

**B.     Claims of employment discrimination under Title I of the ADA and the Rehabilitation Act**

Notwithstanding the Court's abovementioned dismissal of claims, the Court must also dismiss Plaintiff's claims of disability-based employment discrimination under Title I of the ADA and the Rehabilitation Act, including those arising from allegations that Plaintiff made in her first charge (EEOC Charge No. 520-2021-05186) and in her second charge (EEOC Charge No. 520-2023-04632). With respect to her claims of employment discrimination under the Rehabilitation Act, she has not alleged any facts in her amended complaint showing that Columbia receives federal funds. Even if she did, the claims would still fail because she has not alleged facts showing that she has a disability that is a protected characteristic under both Title I of the ADA and the Rehabilitation Act, or that, if she does have such a disability, Columbia imposed an adverse employment action on her because of her disability—specifically that, but for her disability, Columbia would not have taken an adverse employment action against her. She alleges only that she was placed on leave without pay because she did not receive a COVID-19 vaccine or a vaccine exemption within the time allowed by Columbia, and that she ultimately lost her job because she was on leave for a period of time exceeding the 18-month leave period allowed in the collective bargaining agreement between Columbia and her union. Thus, in addition to the Court's dismissal above of some of Plaintiff's claims under the ADA, the Court dismisses Plaintiff's claims of disability-based employment discrimination under Title I of the ADA and the Rehabilitation Act, arising from allegations that she made in her first charge

---

omitted)); *see also McCray v. Patrolman N.A. Caparco*, 761 F. App'x 27, 30 (2d Cir. 2019) (summary order) ("When the district court permitted McCray to amend his complaint in July 2011 so that McCray could plead his claims in compliance with Fed. R. Civ. P. 8, his existing allegations concerned only the March 2008 stop and arrests. Additional allegations can only be added 'with the opposing party's written consent, or the court's leave,' Fed. R. Civ. P. 15(a)(2), and neither was present here.").

(EEOC Charge No. 520-2021-05186) and in her second charge (EEOC Charge No. 520-2023-04632), because she has not satisfied the pleading requirements for such claims, and thus, the Court dismisses these claims for failure to state a claim upon which relief may be granted. *See* § 1915(e)(2)(B)(ii).

**C.   Claims of retaliation under the ADA and the Rehabilitation Act**

The Court also dismisses Plaintiff's claims of retaliation under the ADA and the Rehabilitation Act. With respect to Plaintiff's claims of retaliation under the Rehabilitation Act, Plaintiff has not alleged any facts in her amended complaint showing that Columbia receives federal funds. Even if there were such an allegation, however, her claims of retaliation under both the Rehabilitation Act and the ADA (including any dismissed above for untimeliness) would still fail because Plaintiff has alleged nothing to suggest that Columbia retaliated against her for participating in protected activity. Thus, because Plaintiff has not satisfied the pleading requirements for these claims, the Court dismisses them for failure to state a claim upon which relief may be granted.[2] *See* § 1915(e)(2)(B)(ii).

**D.   Claims under state law**

The Court understands Plaintiff's claims under state law as brought under the court's supplemental jurisdiction. A federal district court may decline to exercise supplemental jurisdiction of claims under state law when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should

---

[2] The Court also dismisses without prejudice any possible claims of retaliation regarding Plaintiff's work experiences at Columbia that allegedly took place between her hiring, on September 27, 1999, and September 8, 2021, that are outside the scope of the allegations that Plaintiff made in either of the abovementioned EEOC charges. *See supra* at note 1.

decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed Plaintiff's claims of which the Court has original subject matter jurisdiction, the Court declines to exercise its supplemental jurisdiction of any of Plaintiff's claims under state law, including any claims under the NYSHRL and NYCHRL. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**E.    Leave to amend is denied**

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the original complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the Court has previously granted Plaintiff an opportunity to cure the abovementioned deficiencies and she has not cured them in her amended complaint, the Court declines to grant Plaintiff another opportunity to amend.

## CONCLUSIONS

The Court dismisses this action for the reasons set forth in this Order.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal of this Order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter a judgment dismissing this action for the reasons set forth in this Order.

SO ED.

Dated: October 14, 2025
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge